UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MALIBU MEDIA, LLC,

    Plaintiff,

v.                              CASE No. 8:12-CV-1419-T-17TGW

JOHN DOES 1-18,

    Defendants.

_____

ORDER

THIS CAUSE came on for consideration upon the Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference (Doc. 4). This motion has been referred to me for disposition (Doc. 5).

The plaintiff filed this action alleging direct and contributory copyright infringement against 18 unnamed defendants ("the John Doe defendants") for unlawfully reproducing, distributing, or transmitting motion pictures for which the plaintiff holds the copyright (Doc. 1). The plaintiff has identified the Internet Protocol ("IP") addresses for the John Doe defendants from which the allegedly infringing conduct has occurred. By the instant motion, the plaintiff seeks to issue third-party subpoenas to the John Doe defendants' Internet Service Providers ("ISPs") to ascertain the John Doe

defendants' true identities prior to the scheduling conference required under Rule 26(f), Fed.R.Civ.P. (Doc. 4).

Typically, absent a court order, a party may not seek discovery from any source before the Rule 26(f) conference. Fed.R.Civ.P. 26(d)(1). A court may allow expedited discovery prior to the Rule 26(f) conference upon a showing of good cause, however. Platinum Mfg. Intern., Inc. v. UniNet Imaging, Inc., 8:08-CV-310-T-27MAP, 2008 WL 927558 *1 (M.D. Fla. April 4, 2008); Arista Records LLC v. Does 1-7, 3:08-CV-18(CDL), 2008 WL 542709 *1 (M.D. Ga. Feb. 25, 2008); see Fed.R.Civ.P. 26(b) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."). Here, the plaintiff has established that it holds a copyright for multiple movies allegedly copied and distributed by the John Doe defendants through the use of BitTorrent protocol (Doc. 1-3), and that a forensic investigation revealed potential infringement of the plaintiff's rights in that work by the John Doe defendants (Doc. 4-2). The plaintiff has clearly identified the information sought through discovery by identifying the IP addresses of the John Doe defendants as well as the "hit date," city, state, ISP, and network for each IP address and shown that it has no other way to obtain the John Doe defendants' true identities. Moreover, the information

the plaintiff seeks is time sensitive as ISPs do not retain user activity logs for an extended duration (see id., p. 2). See also Arista Records, 3:08-CV-18(CDL), 2008 WL 542709 *1. Accordingly, if the plaintiff does not timely obtain the John Doe defendants' identifying information, the plaintiff may lose its ability to pursue its claims in this action. As such, the plaintiff has established good cause for proceeding with expedited discovery prior to the Rule 26(f) conference.

Although the plaintiff has shown good cause for early discovery, its broad request does not sufficiently protect against the likelihood that innocent defendants may be publicly identified by having their identities associated with allegations of illegal downloading of films. As another court aptly stated,

> [T]he ISP subscriber to whom a certain IP address was assigned may not be the same person who used the Internet connection for illicit purposes. ... By defining Doe Defendants as ISP subscribers who were assigned certain IP addresses, instead of the actual Internet users who allegedly engaged in infringing activity, Plaintiff's sought-after discovery has the potential to draw numerous innocent internet users into the litigation, placing a burden upon them that weighs against allowing the discovery as designed.

SBO Pictures, Inc. v. Does 1-3036, No. 11-4220 SC, 2011 WL 6002620 at *3 (N.D. Cal. Nov. 30, 2011) (internal quotation and citation omitted). Accordingly, procedural protections are necessary before any identifying information is made public. See In re BitTorrent Adult Film Copyright Infringement Cases, 2012 WL 1570765 (E.D.N.Y. 2012).

It is, therefore, upon consideration,

ORDERED:

1. That the Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference (Doc. 4) be, and the same is hereby, **GRANTED**.

2. The plaintiff may serve each of the ISPs, as listed in Exhibit A to the Complaint, with a Rule 45 subpoena commanding them to provide the plaintiff with the true name, address, telephone number, e-mail address, and Media Access Control ("MAC") address of each John Doe defendant to whom the ISP assigned an IP address. The plaintiff may also serve a Rule 45 subpoena on any service provider identified in response to a subpoena as a provider of internet services to the John Doe defendants. The plaintiff shall attach a copy of the Complaint and this Order to any subpoena issued pursuant to this Order.

3. Each of the ISPs that qualify as a "cable operator" under 47 U.S.C. 522(5)* shall comply with 47 U.S.C. 551(c)(2)(B), which provides that:

> A cable operator may disclose [personally identifiable information] if the disclosure is ... made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

4. Until the ISPs disclose the John Doe defendants' identities to the plaintiff, any motion filed by a putative defendant or his or her counsel which fails to identify the putative defendant's IP address or the putative defendant's Doe number will be denied without prejudice.

5. Upon receipt of the requested information in response to a Rule 45 subpoena served on an ISP, the plaintiff shall only use the information disclosed for the purpose of protecting and enforcing the plaintiff's rights as set forth in the Complaint.

6. To address potential issues relating to the identity of the John Doe defendants, the parties shall adhere to the following procedures:

---

* "[T]he term 'cable operator' means any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system[.]" 47 U.S.C. 522(5).

a. The plaintiff shall immediately inform each John Doe defendant who contacts the plaintiff or whom the plaintiff contacts that said John Doe defendant has the right to obtain legal counsel to represent him or her in this matter and that anything said or provided by the John Doe defendant can and likely will be used against him or her in this proceeding.

b. Any John Doe defendant who does not wish to be contacted by the plaintiff may at any time inform the plaintiff by phone or send the plaintiff's counsel a letter or e-mail addressed to copyright@lebfirm.com that states: "Please do not contact me (again) prior to serving me in this matter."

c. The plaintiff must notify the John Doe defendant, or his or her counsel if represented, of the plaintiff's intent to name and serve the John Doe defendant at least 14 calendar days prior to seeking issuance of a summons from the Clerk for the identified John Doe defendant.

d. The plaintiff shall inform each John Doe defendant of the potential for sanctions under Rule 11, Fed.R.Civ.P., if the John Doe defendant is incorrectly identified.

e. The plaintiff shall provide a copy of this Order to each John Doe defendant.

f. The plaintiff must notify the John Doe defendant that he or she may submit a written or electronic objection to the plaintiff's counsel. If the John Doe defendant asserts that he or she did not personally commit the infringing act, the plaintiff must identify the individual responsible for the infringement, or, if the identity of the infringing individual is unknown, provide exculpatory evidence regarding the John Doe defendant's innocence. The plaintiff's counsel shall file, or attempt to file, that objection, under seal, with this court, along with any response the plaintiff has to the objection. See Local Rule 1.09. Thereafter, the court will consider the John Doe defendant's objection and the response, and determine if the case shall proceed against the identified John Doe defendant. Until the court makes such a determination, the plaintiff may not identify the John Doe defendant by name in this lawsuit. If, however, the John Doe defendant does not object in writing or electronically, the plaintiff may proceed by naming the John Doe defendant in this case.

DONE and ORDERED at Tampa, Florida, this 7th day of August, 2012.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE